UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC TYMELL BAKER,

                      Plaintiff,

-against-

PESTANA PARK AVENUE,

                      Defendant.

1:22-CV-9253 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Eric Tymell Baker, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction.[1] He sues the Pestana Park Avenue Hotel, located in New York, New York. Plaintiff alleges that the bases for the Court's federal question jurisdiction to consider this action are "duty of care" and "negligence." (ECF 1, at 4.) He seeks damages as well as "[a]n apology for improper handling of belongings [and] living quarters whilst there at" the hotel. (*Id.* at 6.) The Court construes Plaintiff's complaint as asserting claims of violations of his federal constitutional rights under 42 U.S.C. § 1983, as well as claims under state law.

        By order dated November 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, and directs Plaintiff to show cause by declaration why the Court should not bar him from filing any future civil action in this court IFP without the court's leave to file.

---

        [1] Plaintiff originally filed his complaint in the United States District Court for the Eastern District of New York. By order dated October 20, 2022, that court transferred this action to this court. *Baker v. Pestana Park Avenue Hotel*, 22-CV-5060 (E.D.N.Y. Oct. 20, 2022).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the bases for the Court's federal question jurisdiction to consider this action are "duty of care" and "negligence." (ECF 1, at 4.) He also alleges the following: "Stayed [at] Pestana Park Avenue [Hotel]; Improper handling of belongings, lack of ardence [sic], illegal search whilst occupied at the hotel, Police called without just cause. Hotel room smaller than expected upon arriving, there was mention of rectifying, however[,] it went unresolved. An experience booked, but not honored." (*Id.* at 5.)

Plaintiff seeks $75,000 in damages as well as "[a]n apology for improper handling of belongings [and] living quarters whilst there at" the hotel. (*Id.* at 6.) Plaintiff has also attached to his complaint a copy of an August 9, 2022, notice of judgment of the Civil Court of the City of New York, New York County, in which an arbitrator found in favor of the defendant in a state court action that Plaintiff brought against it. (*Id.* at 7.)

## DISCUSSION

### A. Claims under 42 U.S.C. § 1983

The Court must dismiss Plaintiff's claims of federal constitutional violations under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.") (internal quotation marks and citation omitted, emphasis in original). Private

3

entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

Plaintiff alleges no facts showing that the defendant, a private hotel, acted as a state actor when it allegedly violated his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**D.   Order to show cause**

By order of this Court dated July 26, 2022, and entered the next day, before Plaintiff filed his complaint commencing the present action in the United States District Court for the Eastern District of New York, this Court warned Plaintiff, in another of his *pro se* actions filed in this court, "that further meritless litigation in this Court may result in an order barring him from fling new actions IFP without prior leave of court." *Baker v. Lewis-Ashley*, ECF 1:22-CV-4971, 5 (S.D.N.Y. July 26, 2022). By order dated August 22, 2022, and entered the next day, also before Plaintiff filed his complaint in the Eastern District of New York commencing the present action, this Court, in yet another of Plaintiff's *pro se* actions filed in this court, reiterated that warning. *Baker v. GVS Props. d/b/a Alma Realty Corp.*, ECF 1:22-CV-3745, 9 (S.D.N.Y. Aug. 22, 2022).

By filing this meritless action after the Court issued those warnings, and after he apparently unsuccessfully sought relief against the defendant in a state court action, Plaintiff has failed to heed the Court's warnings. The Court therefore directs Plaintiff to show cause why the Court should not bar him from filing any future civil action in this court IFP without first obtaining leave of the court to file. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why such a filing injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why such a filing injunction should not be entered, the Court will issue

and enter an order barring Plaintiff from filing any future civil action IFP in this court without leave of the court to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

This Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3). The Court further directs Plaintiff to show cause by declaration, within 30 days, why the Court should not bar him from filing any future civil action in this court IFP without leave to file. A declaration form is attached to this order. If Plaintiff fails to comply with the order with the time provided, or does not set forth good cause why such a filing injunction should not be entered, the Court will issue and enter an order barring Plaintiff from filing any future civil action in this court IFP without the court's leave to file. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 5, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge