UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
ERIC TYMELL BAKER,

                Plaintiff,

      -against-

PESTANA PARK AVENUE,

                Defendant.
———————————————————————

1:22-CV-9253 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. By order dated December 5, 2022, the Court dismissed this action: the Court dismissed Plaintiff's claims under federal law for failure to state a claim on which relief may be granted and declined to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. In that order, the Court also noted its previous warnings to Plaintiff as to the consequences of his continued filing of meritless litigation in this court. In holding that, by filing this action, Plaintiff had failed to heed those warnings, the Court ordered Plaintiff, within 30 days of the date of that order, to show cause by declaration as to why the Court should not bar him from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining leave of the court to file. The Court warned Plaintiff that failure to comply with that order within the time allowed would result in Plaintiff being so barred. Plaintiff has not filed a declaration. Accordingly, the Court bars Plaintiff from filing any future civil action in this court IFP without first obtaining leave of the court to file.

## CONCLUSION

      The Court hereby bars Plaintiff from filing any future civil action in this court IFP without first obtaining leave of the court to file. *See* 28 U.S.C. § 1651. To obtain leave of the court to file, Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the court's Pro Se Intake Unit. If

Plaintiff violates this order and files a civil action in this court IFP without filing a motion for leave to file, the court will dismiss the action for failure to comply with this order.

The Court further warns Plaintiff that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment reflecting the Court's December 5, 2022, dismissal of this action, as well as the filing injunction that the Court has imposed on Plaintiff in this order.

SO ORDERED.

Dated:  February 15, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge